IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA, KANSAS

| | |
|---|---|
| CRISTINA CASTRO DURAN,<br><br>        Plaintiff,<br><br>v.<br><br>HOBBY LOBBY STORES, INC.,<br><br>        Defendant. | Case No.: |

## COMPLAINT

Plaintiff, by and through counsel J. Corey Sucher and Richard W. James of DeVaughn James Injury Lawyers and for Plaintiff's claims against Defendant, alleges and states:

1. Plaintiff is a citizen of the state of Kansas.

2. Defendant is a foreign corporation incorporated in the state of Oklahoma with its principal place of business in the state of Oklahoma. It may be served through its Resident Agent, Corporation Service Company, at 2900 SW Wanamaker Dr., Ste. 204, Topeka, KS 66614.

3. This Court has jurisdiction over the persons and subject matter.

4. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5. On or about August 27, 2020, Plaintiff was a business visitor shopping at Defendant's Hobby Lobby store located at 2450 S. 9th Street, #400, Salina, Kansas 67401 and walking inside the store when she slipped and fell while on the premises owned, operated, and/or maintained by Defendant.

6. The area where Plaintiff slipped and fell was wet and slippery, and Plaintiff slipped and fell due to the wet, slippery, and unsafe flooring conditions.

7. After Plaintiff's fall, an employee of Defendant arrived and slipped and nearly fell herself. It was not until after Plaintiff fell did Defendant then put in place warnings about the hazardous slippery condition.

8. Defendant and/or its employees, agents, ostensible agents, and/or staff members were careless and negligent as follows:

   A. Failing to use ordinary and reasonable care to maintain its premises in a safe condition for customers;

   B. Creating a dangerous slip/fall hazard by leaving a slippery/wet substance on the floor of the store and in the path of customers;

   C. Failing to warn, either verbally and/or by using signs, cones, and/or other warning devices, of a dangerous wet slip/fall hazard that had been left out on the floor of the store;

   D. Failing to mark, with signs, cones, and/or other warning devices, a dangerous wet slip/fall hazard that had been left out on the floor of the store;

   E. Allowing a dangerous and unmarked wet slip/fall hazard to remain out on the floor of the store;

   F. Failing to maintain its customer areas in a reasonably safe condition;

   G. Failing to check for dangerous slip/fall hazards in high traffic areas of the store;

H. Failing to put away/clean up a dangerous wet slip/fall hazard that it created or allowed in the store;

I. Failure to mop and clean the area where Plaintiff fell;

J. Violations of Defendant's own policies designed to keep customers safe from wet slippery flooring;

K. Violations of industry standards relating cleaning, mopping, safety sweeps, and customer safety,

L. Failing to supervise proper inspection and/or maintenance of the store's floor;

M. Failing to utilize a safety system to check for routine slip/fall hazards that could foreseeably cause injury to customers when Defendant knew or reasonably should have known that the wet condition was a slip/fall hazard and would knowingly cause harm to customers in the store;

N. Failing to utilize an audible warning system to warn customers of hazards;

O. Failing to have a system in place to help customers warn management when a safety hazard is present and needs to be addressed;

P. Failing to block or barricade the slip/fall hazard area to prevent customer injury;

Q. Failing to have adequate safety management protocols in place through use of employee orientation and training, including use of safety manuals and training videos with testing, to help ensure comprehension and understanding by

3

       managers, employees, agents, independent contractors, and/or supervisory personnel;

R. Negligent hiring, retention, supervision, and training of managers, employees, agents, independent contractors, and/or supervisory personnel, as evidenced by, upon information and belief, Defendant's failing to hire safe personnel and failing to properly train its personnel in safety, as well as Defendant's retention of unsafe personnel; and/or

S. Other negligent actions and/or omissions to be supplemented after discovery.

9. Through principles of respondent superior and vicarious liability, Defendant is responsible for the negligence of its employees and agents.

10. As a result of Defendant's negligence, Plaintiff sustained personal injuries. Plaintiff's damages include past medical expenses; future medical expenses; past and future economic damages; and past and future non-economic damages, including pain, suffering, and mental anguish.

Plaintiff requests judgment against Defendant for an amount in excess of $75,000.00, together with the costs incurred herein, and for such other and any further relief as this Court deems fair, just, and equitable.

## **DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL**

Plaintiff demands a pretrial conference and trial by jury of 12 persons in this matter.

## **DESIGNATION OF PLACE OF TRIAL**

Plaintiff designates Wichita, Kansas as the place for trial in this matter.

> DeVaughn James Injury Lawyers
>
> By: */s/ J. Corey Sucher*
>     J. Corey Sucher, # 27789
>     Richard W. James, #19822
>     DeVaughn James Injury Lawyers
>     3241 N. Toben
>     Wichita, KS  67226
>     Telephone: (316)977-9999
>     Facsimile: (316)425-0414
>     E-Mail:  csucher@devaughnjames.com
>     E-Mail: rjames@devaughnjames.com
>     ***Attorneys for Plaintiff***